IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRIS RECTOR and
MICHELLE RECTOR                                                                                        PLAINTIFFS

v.                                          Case No. 4:20-cv-1025-KGB

MARTIN "SONNY" CLIFFORD,
individually and in his official capacity as
Van Buren County Sheriff's Deputy,
LUCAS EMBERTON, KIM MONGOLD,
CRYSTAL GARNER, VAN BUREN
COUNTY VETERINARY CLINIC, INC.,
and CITY OF HEBER SPRINGS                                                                      DEFENDANTS

# ORDER

Before the Court are plaintiffs Chris Rector and Michelle Rector's motion to dismiss and motion to dismiss and remand to state court (Dkt. Nos. 68, 72). Separate defendant City of Heber Springs, Arkansas ("City"), separate defendants Martin "Sonny" Clifford, in his official capacity as Van Buren County Sheriff's Deputy, and Van Buren County Sheriff Lucas Emberton (collectively, "County Defendants"), and separate defendants Martin "Sonny" Clifford, in his individual capacity ("Mr. Clifford") and Kim Mongold filed responses (Dkt. Nos. 69–70, 73–74). Plaintiffs filed a reply in further support of their initial motion to dismiss (Dkt. No. 71). For the following reasons, the Court denies without prejudice subject to re-briefing plaintiffs' pending motions (Dkt. Nos. 68, 72).

I.      **Procedural Background**

Plaintiffs originally filed this action in the Circuit Court of Van Buren County, Arkansas, on October 8, 2019, naming only Mr. Clifford and Ms. Mongold as defendants and asserting only a state law claim for negligence (Dkt. No. 2). Plaintiffs filed an amended complaint on July 20,

2020, and a second amended complaint on July 21, 2020, asserting new state and federal claims against additional parties, including remaining separate defendant the County (Dkt. Nos. 3–4). On August 25, 2020, defendants removed the case to this federal court based on federal question jurisdiction under 28 U.S.C. § 1331, pursuant to 28 U.S.C. § 1446(b) (Dkt. No. 1). On August 27, 2021, plaintiffs filed their fourth amended operative complaint, asserting new state and federal claims against additional parties, including remaining separate defendant the City (Dkt. No. 22).

Plaintiffs' operative complaint includes three counts (*Id.*). In count I, plaintiffs assert a claim for negligence against Ms. Mongold (*Id.*, ¶¶ 40–46). In count II, plaintiffs assert claims for constitutional violations pursuant to 42 U.S.C. § 1983 and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-105 *et seq.* ("ACRA"), against County Defendants (*Id.*, ¶¶ 41–60). In count III, plaintiffs assert a claim for deliberate indifference pursuant to 42 U.S.C. § 1983 and the ACRA against the City (*Id.*, ¶¶ 61–68).

On October 29, 2021, plaintiffs filed a motion for partial summary judgment (Dkt. No. 36). Plaintiffs moved for partial summary judgment on four narrow issues: (1) whether the Sheriff's decision to employ Silas as a K-9 police officer was under color of law; (2) whether Mr. Clifford was acting under color of law when he took care of Silas's dietary and exercise needs; (3) whether Silas was a vicious dog, as contemplated by the Arkansas Model Jury Instructions ("AMI"); and (4) whether Ms. Mongold was negligent (Dkt. No. 36).

On September 29, 2022, this Court issued an Opinion and Order denying plaintiffs' motion for partial summary judgment (Dkt. No. 67). Viewing the record evidence in the light most favorable to the non-moving parties, the Court concluded that there were genuine issues of material fact in dispute based on the record evidence then-presented that precluded this Court from granting

partial summary judgment on each of the issues identified in plaintiffs' motion (*Id.*). On the color of law issue in particular, the Court found that:

> Plaintiffs request an isolated ruling as to whether the Sheriff's decision to employ Silas as a K-9 police officer was under color of law, and whether Mr. Clifford was acting under color of law when he took care of Silas's dietary and exercise needs. To prevail on their claims, plaintiffs must show that this alleged conduct, even taken under color of law, "deprived plaintiff of a constitutionally protected right." *Van Zee*[ *v. Hanson*], 630 F.3d [1126,] 1128 [(8th Cir. 2011)].
>
> At this juncture, plaintiffs have offered no proof or argument as to specific constitutional violations that allegedly correspond with the Sheriff's decision to employ Silas a K-9 police officer or Mr. Clifford's caring for Silas's dietary and exercise needs. This places the Court in the untenable position of being asked to render an advisory opinion based on partial proof . . . Further, there are disputed issues of material fact in the record evidence that preclude this Court from making the determination plaintiffs seek (*see* Dkt. No. 49, at 6).

Dkt. No. 67, at 11). The Court thus determined that, on the record evidence before it, the color of law issue was not ripe for this Court's decision (*Id.*).

That same date, plaintiffs moved for an order "dismissing all federal claims against separate defendant Martin 'Sonny' Clifford and separate defendant City of Heber Springs, Arkansas ('City') without prejudice." (Dkt. No. 68). Plaintiffs also stated that they "intend[] to file a motion seeking clarification of the 'color of law' issue addressed by" the Court's Order because "[i]f there is no color of law, there is no subject matter jurisdiction" and that "this matter should be remanded to conserve scarce judicial resources." (*Id.*, ¶ 2).

The City filed a response stating that it has no objection to plaintiffs' motion to dismiss, but the City requests "that this Court include in its Order a provision, pursuant to Fed R. Civ. P. 41(d), requiring Plaintiffs to pay all costs associated with this action if they file a subsequent action based on or including the same claim(s) against the same defendant(s)." (Dkt. No. 69, ¶ 3). County Defendants filed a response noting that "[p]laintiffs do not seek the voluntary dismissal of all of their federal claims (only those against two of the Defendants) . . . ." (Dkt. No. 70, at 2). Plaintiffs

3

filed a reply stating, among other things, that "[w]hat plaintiff[s] seek is an early ruling on a dispositive issue." (Dkt. No. 71).

Plaintiffs later moved "to dismiss all federal claims without prejudice and remand this matter to State court for lack of jurisdiction." (Dkt. No. 72).

The Court understands, subject to clarification, that separate defendant the City does not object to the request, but the City requests that plaintiffs be ordered to pay "all costs associated with this action if they file a subsequent action based on or including the same claim(s) against the same defendant(s)." (Dkt. No. 69, ¶ 3). Specifically, the City explains that it was required to pay a "non-refundable cost deposit to the Arkansas Municipal League for defense coverage" when claims were asserted against the City and that, if these claims are refiled, the City will have to pay this same non-refundable cost again (*Id.*).

Separate County Defendants initially appeared to seek a dismissal with prejudice of plaintiffs' claims (Dkt. No. 70, 1 ("The Defendants likewise agree with the Plaintiffs that the Plaintiffs' constitutional claims should all be dismissed with prejudice . . . .")). Given plaintiffs' clarification that they seek a dismissal without prejudice of all pending federal claims, the Court understands, subject to clarification, that County Defendants do not oppose this request, but the County Defendants request that this Court not remand this case to state court (Dkt. No. 74, at 1).

Separate defendants Mr. Clifford in his individual capacity and Ms. Mongold filed a response opposing plaintiffs' request to remand (Dkt. No. 73). They request also that this Court not remand this case to state court, given plaintiffs' representations in its filings, asserting that, "[i]f this matter were remanded there would be a duplication and uneconomical use of judicial resources. It is also more efficient to keep this case in this Court, rather than restarting somewhere else." (*Id.*).

4

Based upon the multiple filings made by plaintiffs and their pending motions, the Court understands, subject to clarification, plaintiffs now seek: (1) the dismissal without prejudice all federal claims, and (2) upon the dismissal of all federal claims, the remand of this action to state court (Dkt. Nos. 68, 72). The Court addresses each of these requests below.

## II.     Request To Dismiss Voluntarily All Federal Claims

Plaintiffs seek to dismiss voluntarily all federal claims without prejudice (Dkt. Nos. 68, 72). Plaintiffs, in filing their second motion to dismiss, clarified their request as to which federal claims they seek to dismiss and as to whether plaintiffs seek a dismissal with or without prejudice (Dkt. No. 72).

Federal Rule of Civil Procedure 41(a)(2) provides that, after a defendant has served its answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). When ruling on a Rule 41(a)(2) motion, district courts must consider:

> whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.

*Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022) (citing *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013), quoting *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999), *cert. denied*, 528 U.S. 1117 (2000)).

The United States Court of Appeals for the Eighth Circuit has stated that "a district court is obligated to 'address the plaintiff's purported reason for the voluntary motion to dismiss' and determine whether the stated purpose is proper." 33 F.4th at 1028 (citing *Blaes v. Johnson & Johnson*, 858 F.3d 508, 514–15 (8th Cir. 2017)). Failure to explain why voluntary dismissal is being sought and to advise what claims may be filed in a new action often justifies denying a

5

motion to dismiss without prejudice.  *Id.* (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987); *Beavers v. Bretherick*, 227 F. App'x 518, 522 (8th Cir. 2007); *cf. Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 805 (8th Cir. 2021)).  However, if the plaintiff states a proper justification and the court concludes that the relevant Rule 41(a)(2) factors support voluntary dismissal without prejudice, there is no reversible error if the district court grants the motion without explicitly addressing the "forum shopping" issue.  *See Blaes*, 858 F.3d at 515.

In *Blaes*, the plaintiff explained in his reply brief that he was seeking to refile his products liability action in state court and consolidate it with multiple pending actions.  *Id.* at 512.  The district court concluded the "reason was proper, would not waste judicial time and effort, and would not prejudice defendants."  *Id.* at 514.  The Eighth Circuit affirmed, observing the district court "implicitly rejected defendants' argument that [the plaintiff] was forum shopping." *Id.* at 515.  Further, a party is neither permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.  *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (cleaned up).

Here, plaintiffs fail to provide the Court with any clear explanation for their desire to dismiss.  Plaintiffs' motions provide the Court with no more than two sentences from which to glean possible reasons for their request.  Specifically, plaintiffs request dismissal without prejudice of their federal claims "[i]n the light of the order entered today, and the associated delay," and "[i]n light of recent decisions relevant to this issue," without citing those decisions or providing explanation (Dkt. Nos. 68, ¶ 1; 72).

Further, the Court observes that, although separate defendant the City does not object to the request, the City requests that plaintiffs be ordered to pay "all costs associated with this action if they file a subsequent action based on or including the same claim(s) against the same

defendant(s)." (Dkt. No. 69, ¶ 3). The Court has authority to condition dismissal without prejudice of plaintiffs' pending federal claims on defendants' ability to seek costs and fees reasonably incurred up through any dismissal Order.[1] The City makes the case that, if these claims are refiled, the City will be required to incur duplicative, non-refundable costs that would not otherwise be imposed in the case.

As explained above, the Court understands plaintiffs to seek: (1) the dismissal without prejudice all federal claims, and (2) upon the dismissal of all federal claims, the remand of this action to state court (Dkt. Nos. 68, 72). However, the Court is uncertain that this is what plaintiffs request. Furthermore, the Court is uncertain on what basis plaintiffs seek the dismissal without prejudice of their pending federal claims, and the Court is uncertain specifically about plaintiffs' intent to forum shop given a decision—as this Court understands their position—plaintiffs deem unsatisfactory from this Court.

Given the state of the briefing in this case on the now pending motions and the parties' evolving positions on these issues, the Court denies without prejudice subject to re-briefing plaintiffs' request to dismiss voluntarily all federal claims (Dkt. Nos. 68, 72).

---

[1] Plaintiffs may be required to make a payment to defendants as a condition of maintaining a second action, if plaintiffs succeed in dismissing without prejudice their federal claims here and then opt to refile these claims within the relevant period of limitations. If the second suit is filed in a federal court, payment of the sum found to be appropriate may be a condition precedent to any action's taking place in the suit subsequent to the filing of the complaint. If plaintiffs were to refile in a state court the dismissed claims, defendants may be permitted to petition this Court for a judgment against plaintiffs, which may be executed as provided by law, for the amount of costs and fees that the Court fixes at that time. *See Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984).

### III. Request To Remand Remaining Claims

Plaintiffs also ask that, if this Court dismisses without prejudice the remaining pending federal claims, this Court "remand this matter to State court for lack of jurisdiction." (Dkt. No. 72).

The Court writes to address plaintiffs' contention that this Court lacks subject matter jurisdiction and must remand, if the Court dismisses without prejudice all pending federal claims. "Under 28 U.S.C. § 1367, in any civil action in which the district courts have original jurisdiction, they shall also have supplemental jurisdiction over all other claims so related to the claims in the original jurisdiction that they form part of the same case or controversy." *Gregoire v. Class*, 236 F.3d 413, 419 (8th Cir. 2000). If the district court dismisses every claim over which it had original jurisdiction, the court maintains its broad discretion to exercise supplemental jurisdiction over any remaining state-law claims. *Quinn v. Ocwen Fed. Bank FSB,* 470 F.3d 1240, 1249 (8th Cir. 2006) ("It is within the district court's discretion to exercise supplemental jurisdiction after dismissal of the federal claim." (citing *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1068 (8th Cir. 1996))).

"Under §§ 1367(c) and 1441(c), a court is not required to remand state law claims when the only federal claim has been dismissed. Instead, the district court maintains discretion to either remand the state law claims or keep them in federal court." *Lindsey v. Dillard's Inc.*, 306 F.3d 596, 599 (8th Cir. 2002). When making this determination, the Court balances the interest of judicial economy, convenience, fairness, and comity. *Grain Land Coop v. Kar Kim Farms, Inc.*, 199 F.3d 983, 993 (8th Cir. 1999)

Plaintiffs do not argue that the state law claims were improperly removed to federal court as supplemental to the federal claims plaintiffs asserted nor do plaintiffs assert any other basis for

8

their argument that subject matter jurisdiction is or would be lacking over the remaining state law claims, if this Court were to dismiss without prejudice the pending federal claims.  All defendants oppose a remand to state court in this action, and plaintiffs do not explain their arguments for remand in the light of the decisions that control this Court's analysis.

This case has been pending in this Court since August 2020, when it was removed from state court (Dkt. No. 1).  This Court's involvement in this case, both temporally and substantively, includes, among other issues, review and approval of the scheduling order; ruling on plaintiffs' numerous motions to amend complaint; approval of a protective order; granting stipulated dismissal without prejudice as to certain defendants and their respective claims; and ruling on a motion for partial summary judgment.  Substantial time has elapsed from the time of removal to plaintiffs' now pending motions to dismiss the federal question claims, appreciable discovery has occurred, and substantial judicial resources have been expended.  Moreover, plaintiffs do not argue that the state law issues are so novel or complex that they should be heard in state court, or that the state law claims substantially predominate over the federal claims in which this court had original jurisdiction.  this case does not involve novel issues.  *See Saeemodarae v. Mercy Health Servs.*, 456 F.Supp.2d 1021, 1043–44 (N.D. Iowa) (finding "comity strongly suggests that the court should decline" to consider the remaining claims as they involved novel issues of state law, and concluding "fairness dictates that [the court] should decline to exercise supplemental jurisdiction" because it was more fair to the parties for Iowa appellate courts to have the first say).

Given the state of the briefing in this case on the now pending motions and the parties' evolving positions on these issues, the Court denies without prejudice subject to re-briefing plaintiffs' pending motions (Dkt. Nos. 68, 72).

9

**IV.     Conclusion**

For the foregoing reasons, the Court denies without prejudice subject to re-briefing plaintiffs' motion to dismiss and motion to dismiss and remand to state court (Dkt. Nos. 68, 72). To the extent plaintiffs persist in their request for this Court to dismiss their pending federal claims and remand to state court their remaining state law claims, the Court directs re-briefing on these issues and requests that plaintiffs include, but not limit, that briefing to the potential of forum shopping and the factors that impact a court's determination on remand of remaining state law claims, along with other issues raised in this Order.

The Court also notes that a settlement conference will be conducted in this matter on February 8, 2023 (Dkt. No. 75). The Court puts the parties on notice that, within 10 days from the entry of this Order, the Court will enter an Amended Final Scheduling Order by separate Order.

It is so ordered this 6th day of February, 2023

_____
Kristine G. Baker
United States District Judge